IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATH K. CHAPMAN, SR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 15-1060-RGA |
| JUDGE ERIC DAVIS, | : |
| Defendant. | : |

Jonath K. Chapman, Sr., Central Violation of Probation, Smyrna, Delaware.
Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

February 24, 2016
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Jonath K. Chapman, Sr., an inmate at the Central Violation of Probation, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

Plaintiff commenced this suit against Defendant Judge Eric Davis blaming Judge Davis because he has not received necessary surgery. Plaintiff filed a similar suit against Judge Davis in January 2015 that was dismissed based upon Judge Davis' judicial immunity. (*See Chapman v. Davis*, Civil Action No. 15-041-RGA at D.I. 11, 12). Plaintiff was sentenced on June 28, 2013. He asked Judge Davis, who sentenced him, to postpone the sentencing based upon Plaintiff's medical condition, but the request was denied. Plaintiff then sought home confinement, but it was denied. Plaintiff was seen by a surgeon on August 7, 2014, who told Plaintiff that he needed surgery "A.S.A.P."

Plaintiff underwent surgery on his left shoulder on January 14, 2015. He alleges that his condition is worse than before the surgery and that he also requires surgery on his back, neck, and right shoulder. Plaintiff alleges the surgeries will not be performed because he has only sixty days left on his Level 5 sentence. Plaintiff alleges that Judge Davis has denied him relief under the motions he filed in State court. Plaintiff alleges that Judge Davis has "made this a life sentence because of his [lack of] surgeries.

1

Plaintiff asks that he be sent home and paid for the time that he has suffered with his problem.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim

2

upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Judge Davis has judicial immunity and is immune from suit. *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). A judge is liable only for non-judicial acts or acts as to which he was completely without jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The Complaint does not allege that Judge Davis acted outside of his jurisdiction or was involved in any acts other than those performed in his official judicial capacity.

For the above reasons, the Complaint will be dismissed as Judge Davis is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2). The Court finds that amendment is futile.

An appropriate order will be entered.